# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0259** (Raleigh County 19-PCS-145-D)

**Jamal A. Azeez,**
**Defendant Below, Petitioner**

**FILED**
**June 25, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jamal A. Azeez, a self-represented litigant, appeals the February 22, 2019, order of the Circuit Court of Raleigh County refusing his petition for an order for relief from registration as a sexual offender. Respondent, State of West Virginia, by counsel Holly M. Flannigan, filed a response in support of the circuit court's order. On appeal, petitioner argues that circuit court erred in dismissing his petition on the basis that he failed to comply with the filing requirements set forth in an August 24, 2014, order.[1]

---

[1]On appeal, petitioner alleges seven assignments of error; however, only two attempt to address the order on appeal and these have been combined herein. The remaining five assignments of error are not proper for consideration. Petitioner's remaining assignments of error are that he demonstrated actual innocence, which should allow reconsideration of his case despite procedural bars; that he discovered several pieces of exculpatory evidence, which is sufficient to justify relief in all of his subsequent petitions; that the circuit court ignored his claims of racial discrimination during jury selection; that the circuit court failed to address whether trial court failed to consider if a jury member was struck due to race, encouraged the suppression of evidence, erred in denying a witness's testimony, and ignored testimony; and that the circuit court ignored the effects of registration on a sexual offender registry based on petitioner's unlawful conviction. Petitioner's remaining assignments of error fail to address the order on appeal, and petitioner's citations to authority and the record that are not applicable to the order on appeal. We therefore decline to address these issues. Pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure,

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in July of 1987, petitioner was convicted of second-degree sexual assault. This conviction stemmed from an incident in which petitioner sexually assaulted a patient at a hospital where he was employed. Thereafter, the circuit court sentenced petitioner to a term of incarceration of ten to twenty years. In June of 1988, petitioner filed a direct appeal with this Court, which was refused. Petitioner renewed his petition for appeal on July 26, 1988, and this Court again refused to hear the appeal.

In June of 1992, petitioner, by counsel, filed a petition for writ of habeas corpus. Following an omnibus hearing, the circuit court denied petitioner habeas relief. Petitioner appealed that denial to this Court. In January of 1995, this Court heard oral arguments on petitioner's appeal of the circuit court's order denying habeas relief. By order entered July 13, 1995, this Court affirmed the circuit court's order. *See State ex rel. Azeez v. Mangum,* 195 W. Va. 163, 465 S.E.2d 163 (1995). Two years later, petitioner filed a second petition for a writ of habeas corpus in the circuit court, which was summarily denied based upon res judicata.

In August of 2013, petitioner filed a petition for writ of error coram nobis. Following an evidentiary hearing in April of 2014, the circuit court denied petitioner relief based upon res judicata and collateral estoppel because petitioner's grounds for relief were previously litigated in the Circuit Court of Raleigh County, this Court, and the United States District Court for the Southern District of West Virginia. In its August 25, 2014, order, the circuit court found that

> [t]his Petitioner has inundated the Circuit Court of Raleigh County with actions for twenty-seven years and has failed to prevail in any. The Petitioner has always pled pauper status and has further filed these actions without any accountability with regard to good faith pleadings. It is the **ORDER** of this Court that ***no*** further pleadings from this Petitioner shall be accepted by the Clerk of the Circuit Court of Raleigh County unless and until the Petitioner has provided a full and complete

presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . . ' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.*

financial statement for review by an appropriate judicial officer to determine his pauper status and further the Clerk shall refuse to accept any pleadings, petitions, motions or actions unless and until the proposed pleadings, petitions, motions or actions are countersigned by an attorney licensed to practice law in the State of West Virginia verifying that there is a good faith basis for the pleading sought to be filed by this Petitioner.

*See State v. Azeez,* No. 14-0951, 2015 WL 5125803 (W. Va. Aug. 31, 2015)(memorandum decision). This Court affirmed the August 25, 2014, denial of a petition for a writ of error coram nobis and adopted the circuit court's order.

On February 20, 2019, petitioner filed a motion seeking relief from his obligation to register as a sexual offender. The motion was denied by the circuit court on February 22, 2019, because petitioner failed to comply with the filing requirements set forth in the August 25, 2014, circuit court order. That is, he failed to provide a full and complete financial statement and failed to have an attorney verify that there was a good faith basis for his pleading. Petitioner now appeals the February 22, 2019, circuit court decision.

"This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 1, *Haines v. Kimble*, 221 W. Va. 266, 654 S.E.2d 588 (2007) (quoting Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)).

On appeal, petitioner argues that the circuit court erred in dismissing his 2019 petition on the basis that he failed to comply with the requirements set forth in the August 24, 2014, order. Petitioner contends that, instead, the circuit court should have addressed the issues presented and erred in failing to list "at least one requirement that could be considered legally acceptable." Petitioner further argues that it is unclear what requirements were imposed upon him. He also argues that the circuit court erred in dismissing his legitimate petition for a writ of error coram nobis.

Our cases have made clear that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock,* 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996). We have explained that

[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 4, *State v. Myers,* 229 W. Va. 238, 728 S.E.2d 122 (2012) (internal quotations and citations omitted).

In his brief, petitioner cites to no legal authority and fails to reference anything in the appendix that addresses the issues on appeal. Further, petitioner's argument fails to actually address the issues on appeal. Instead, petitioner uses the assignments of error as a launching pad to attempt to relitigate issues that were decided long ago. Because petitioner fails to adequately address the issues on appeal, we decline to address his issues on appeal. W. Va. R. App. P. 10(c)(7) ("The Court may disregard errors that are not adequately supported by specific references to the record on appeal."); *State, Dep't of Health and Human Res. ex rel. Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.").

Even if we had addressed the issue on the merits, petitioner's argument still falls short. In the August 25, 2014, circuit court order dismissing petitioner's petition for a writ of error coram nobis, the circuit court noted that petitioner had filed thirty-eight petitions in the twenty-seven years since petitioner's underlying criminal conviction. The circuit court noted that petitioner had argued the same issues time and time again and that petitioner had filed these petitions at the taxpayers' expense with no regard for good faith pleadings. Therefore, the circuit court-imposed restrictions upon petitioner's future filings. Petitioner did not challenge these restrictions in the circuit court or in his appeal to this Court. Further, we adopted and incorporated the August 25, 2014, circuit court order in petitioner's 2014 appeal. *See State v. Azeez,* No. 14-0951, 2015 WL 5125803 (W. Va. Aug. 31, 2015)(memorandum decision). In the order at issue in the instant appeal, the circuit court determined that petitioner failed to abide by the filing regulations, which remained in effect, and, upon our review, we agree with the circuit court's conclusion and, therefore, find no error

For the foregoing reasons, we affirm the circuit court's February 22, 2019, order refusing the petition for relief from registration for sexual offenders. [2]

Affirmed.

**ISSUED:** June 25, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison

---

[2] Petitioner's April 1, 2020, motion for an expedited decision is rendered moot by this memorandum decision.